UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

*In the Matter of the Extradition of*                    MEMORANDUM
**RAPHAEL AVRAHAM STERNBERG**                            AND ORDER

                                                                                            19-mj-00542 (RLM)

-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Defendant Raphael Avraham Sternberg ("defendant"), who was arrested in 2019 on an extradition complaint, now moves to seal the court file in the Eastern District of New York, over the objection of the United States (the "government"). For the reasons that follow, the Court denies defendant's application in its entirety.

## DISCUSSION

        On June 14, 2019, Magistrate Judge Cheryl L. Pollak granted the request of the United States for authorization to arrest Raphael Avraham Sternberg, in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and Israel, where warrants had been issued charging him with, among other things, committing indecent acts on a person under 16 years old. See Complaint (June 14, 2019), Electronic Case Filing ("ECF") Docket Entry ("DE") #1. On June 19, 2019, following defendant's arrest in this District, the government's complaint was unsealed, see Unsealing Order (June 19, 2019), DE #3, and defendant was arraigned before this magistrate judge and ordered detained, see Minute Entry (June 19, 2019), DE #5; Order of Detention (June 19, 2019), DE #6; see also Detention Memorandum (June 19, 2019), DE #7. After consenting to several adjournments of the extradition hearing, see Consent Motion to Continue (July 2, 2019), DE #8; Second Motion to Continue (Aug. 30,

2019), DE #9, defendant, who was represented by counsel both here and in Israel, knowingly and voluntarily waived his right to an extradition hearing and requested that the Court expedite his return (in custody) to Israel, see Affidavit of Waiver of Extradition (Sept. 26, 2019), DE #10. This Court granted defendant's request and ordered that the government transfer physical custody of defendant to the Government of Israel. See Order (Sept. 26, 2019), DE #11.

More than two years later, on December 22, 2021, defendant, appearing through a different attorney, filed a letter-request to seal the entire ECF court file in this case "until April 21, 2022." See First Motion to Seal Case (Dec. 22, 2021) ("Defendant Letter") at 1, DE #13. The sole basis for defendant's sealing request was that, in connection with defendant's plea of guilty in Israel to "'Indecent Assault' and 'Impeachment of an Investigation,'" defendant and the Israeli prosecutor agreed to, and the Israeli court granted, a "gag order" or "publication ban," until April 21, 2022, in order "to protect the anonymity of the defendant and his family." Id.; Israeli Transcript (docketed Dec. 22, 2021), DE #13-2. According to defendant, to seal the ECF court file in this District "will allow for continued privacy of the defendant's family[,]" Defendant Letter at 2, whereas "[t]o leave it unsealed undermines the purpose and mandate of the Israeli court's order[,]" id. at 1.

On December 22, 2021, this Court, citing "the strong presumption of public access to judicial documents" in the United States, and defendant's failure to provide any caselaw supporting his request, directed defendant to brief the issue. Scheduling Order (Dec. 22, 2021). Defendant filed a four-page Memorandum of Law on January 5, 2022, in which he argues for the first time that preserving the confidentiality of the identities of the minor victim

and her family members outweighs the common law right of public access to the court file in this case.  See Memorandum of Law in Support of Motion to Seal The Record (Jan. 5, 2022), DE #14.  The government opposes defendant's application, cogently arguing that the "embarrassment caused to the defendant and his family" from the public record in this case furnishes "no legal basis on which to seal such material."  Response in Opposition (Jan. 19, 2022) at 4, DE #15.  Furthermore, the government adds, to the extent that the Court credits defendant's belatedly expressed desire to protect the minor victim from embarrassment, the victim's interests have been adequately protected, as the court file does not disclose her name or that of her family members.  See id.[1]

For the reasons detailed by the government, as well as the fact that the court file has already been publicly accessible for more than two years, this Court denies defendant's application to seal the entire docket.  "Given the presumption of openness" in connection with criminal proceedings, United States v. Doe, 63 F.3d 121, 127 (2d Cir. 1995), the movant bears the burden of demonstrating that, absent a sealing order, "there is a substantial probability of prejudice to a compelling interest[,]" id. at 128; see id. at 129.  In other words, the Court must be satisfied "that closure is essential to preserve higher values" than public access, with sealing "narrowly tailored to serve that interest."  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re* New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).  Whatever the basis for the temporary "gag order" in Israel, defendant has not come close to sustaining his burden of sealing the entire court file under U.S. law.

---

[1] At most, portions of the record use initials in lieu of the names of such individuals.  Cf. Fed. R. Crim. P. 49.1.

## CONCLUSION

For the foregoing reasons, defendant's motion is denied.

**SO ORDERED.**

**Dated:  Brooklyn, New York
January 24, 2022**

<i>/s/</i>  <i>Roanne L. Mann</i><br>
<b>ROANNE L. MANN<br>
UNITED STATES MAGISTRATE JUDGE</b>